IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLINTON MORRIS REDDICK,

    Petitioner,                    No. CIV S-07-1148 LEW DAD P

    vs.

T. FELKER, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 22, 2007, the undersigned ordered a response to the petition. On July 23, 2007, respondent filed a motion to dismiss on the grounds that petitioner has failed to exhaust available state remedies with respect to eight of the nine claims set forth in the petition. On August 28, 2007, petitioner filed a timely opposition to the motion to dismiss together with a proposed amended petition and motion for stay and abeyance. Respondent has not filed a reply.

**BACKGROUND**

    Petitioner challenges a judgment of conviction entered in the Sacramento County Superior Court on October 3, 2003. (Docs. Lodged by Resp't July 23, 2007, Doc. 1.)  Following a jury trial, petitioner was convicted of two counts of second degree robbery, assault with a

1

firearm, and being a convicted felon in possession of a firearm. (Id., Doc. 1.) A number of sentencing enhancement allegations were also found to be true by the jury. Petitioner was sentenced to state prison for a term of eleven years. (Id.) On December 15, 2004, the California Court of Appeal for the Third Appellate District affirmed petitioner's conviction. (Id., Doc. 2.) On March 2, 2005, the California Supreme Court denied his petition for review. (Id., Doc. 4.)

Petitioner filed three state post-conviction challenges to his judgment of conviction. On March 8, 2006, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (Lodged Doc. 5.) On May 30, 2006, the Superior Court denied the petition on the merits. (Id., Doc. 6.) On July 21, 2006, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (Id., Doc. 7.) On August 3, 2006, the Court of Appeal summarily denied the petition. (Id., Doc. 8.) Finally, on September 5, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Id., Doc. 9.) On March 14, 2007, the California Supreme Court denied that petition with citations to In re Duvall, 9 Cal. 4th 464 474 (1995), In re Swain, 34 Cal. 2d 300, 304 (1949) and In re Lindley, 29 Cal. 2d 709 (1947). (Id., Doc. 10.)

On June 14, 2007, petitioner filed the instant petition presenting, nine grounds for relief.

**RESPONDENT'S MOTION TO DISMISS**

Respondent has filed a motion to dismiss on the grounds that petitioner has failed to exhaust eight of the nine claims presented in his federal petition. (Resp't's Mot. to Dismiss at 2.) Respondent argues that the exhaustion of available state judicial remedies is a prerequisite to obtaining federal habeas relief. Respondent notes that petitioner has raised the following nine claims in the instant petition: (1) trial counsel Higgins was ineffective for failing to call petitioner's previous trial attorney, Mr. Wiretz, to testify as a rebuttal witness; (2) because victim Woo testified that the revolver shown to him by the prosecution was not the weapon used in the robbery, the evidence against petitioner was insufficient to sustain the conviction; (3) because of

the alleged ineffective assistance of counsel Higgins, the trial court erred by not allowing petitioner to call Mr. Wiretz as a witness through <u>Mardsen</u> proceedings instead of by way of a subpoena; (4) trial counsel Higgins was ineffective by failing to meet with petitioner before trial, by not moving to suppress evidence, by not moving for dismissal once the victim testified that the gun admitted into evidence at trial was not the same gun used in the robbery, offering false testimony concerning petitioner's prior convictions, and not challenging the prosecutor's use of false information concerning petitioner's prior convictions; (5) the prosecutor committed misconduct by coercing and/or coaching a witness; (6) the prosecutor knowingly used false evidence to convict petitioner by offering the gun shown to the victim as evidence of petitioner's guilt even after the victim testified that the gun was not the one used in the robbery; (7) the prosecutor used false information concerning petitioner's prior convictions to convince the trial judge to allow the prosecution to impeach him; (8) he received ineffective assistance of appellate counsel due to counsel's failure to raise all meritorious issues on appeal; and (9) there was insufficient evidence to sustain his conviction of assault with a deadly weapon. (Resp't's Mot. to Dismiss at 3.)

        Respondent points out that petitioner filed two petitions with the California Supreme Court, a petition for review on direct appeal and a petition for a writ of habeas corpus. (Resp't's Mot. to Dismiss at 3.) Respondent argues that the only claim presented in the petition for review was that the evidence at trial was insufficient to sustain petitioner's conviction of assault with a deadly weapon. (<u>Id.</u>) Respondent contends that although the other eight claims set out in the federal petition were alluded to by petitioner in his habeas petition filed with the California Supreme Court, that petition was denied with a citation to <u>In re Duvall</u>, 9 Cal. 4th 464, 474 (1995) and <u>In re Swain</u>, 34 Cal. 2d 300, 304 (1949). (<u>Id.</u> at 4.) Respondent argues that in <u>Duvall</u> and <u>Swain</u>, the California Supreme Court held that the petitioners failed to present their claims with sufficient particularity and therefore their petitions were rejected as deficient. (<u>Id.</u>) Respondent contends that, similarly, in this case petitioner failed to present the eight claims to

3

the California Supreme Court with sufficient particularity. (Id.) Accordingly, respondent concludes that because petitioner has not fairly presented the eight claims to the California Supreme Court and a state remedy remains available to him, the court should dismiss the instant petition without prejudice after first providing petitioner a chance to amend his petition to delete any unexhausted claims if he wishes to proceed at this time. (Id.)

**PETITIONER'S OPPOSITION**

In a brief opposition, petitioner acknowledges his failure to exhaust claims one through eight of his federal petition. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.) Petitioner has also filed a proposed amended petition containing his only exhausted claim along with a motion for stay and abeyance.

In his motion for stay and abeyance, petitioner contends that the Ninth Circuit has acknowledged a district court's discretion to hold a petition in abeyance. (Pet'r's Mot. for Stay & Abey. at 4.) Petitioner explains that, in fact, in Rhines v. Weber the United States Supreme Court held that a district court abuses its discretion if it fails to stay a petition to allow a petitioner acting in good faith to exhaust his potentially meritorious claims in state court. (Id. at 4-5.) Petitioner further contends that a district court may guard against "dilatory tactics" by conditioning the stay on a speedy filing in state court followed by a prompt return to federal court upon denial of the state petition by the state's highest court. (Id. at 5.)

Petitioner argues that holding these proceedings in abeyance will preserve his federal habeas rights, which he has sought to assert diligently and in good faith. (Pet'r's Mot. for Stay & Abey. at 5.) Petitioner contends that his apparent failure to set forth a sufficient factual predicate for the claims presented in his petition for review and petition for writ of habeas corpus filed in the California Supreme Court was a result of not being trained in the law and not because of any desire on his part to delay review of his claims. (Id.) Petitioner further contends that he thought the facts he provided on his state form petition filed with the state Supreme Court would be sufficient. (Id.)

Petitioner also asserts that the claims he wishes to present raise legitimate questions of law related to whether he was deprived of his constitutional rights under the Sixth and Fourteenth Amendments. (Pet'r's Mot. for Stay & Abey. at 5.) Specifically, petitioner notes that his unexhausted claims relate to ineffective assistance of trial and appellate counsel, prosecutorial misconduct and the insufficiency of the evidence presented at his trial. (Id. at 5.) Petitioner concludes that he meets the standard established by the U.S. Supreme Court in Rhines and requests that this court grant his motion for stay and abeyance so that he can return to state court to exhaust claims one through eight in his original petition.

## ANALYSIS

I. Exhaustion of Available State Remedies

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Here, both parties agree that petitioner failed to exhaust claims one through eight in his original petition. The concession appears to be well-taken. See Harris v. Superior Court, 200 F.2d 1124, 1126 (9th Cir. 1974) ("If a state court denies a petition for post conviction relief on procedural grounds, the petitioner has not exhausted his state remedies."); see also Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir. 1986). Here, the California Supreme Court clearly denied petitioner's habeas petition on the procedural ground that he had not presented his claims with sufficient particularity. In this regard, the California Supreme Court cited its decisions in In re Duvall, 9 Cal. 4th 464, 474 (1995) (holding that a habeas petition must "state fully and with particularity the facts on which relief is sought") and In re Swain, 34 Cal. 2d 300, 304 (1949) (holding that a petition for writ of

habeas corpus must "allege with particularity the facts upon which he would have a final judgment overturned").

However, despite the conceded non-exhaustion of eight of the nine claims presented to this court, recent developments in the law leads the court to the conclusion that the motion to dismiss should not be granted at this time.

II. Stay and Abeyance

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005); see also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). Importantly for purposes of resolving the pending motions, this discretion to issue a stay extends to mixed petitions. Rhines, 544 U.S. at 278 (where a petitioner has met the standard for the granting of stay and abeyance, "the district court should stay, rather than dismiss, the mixed petition."); Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").[1] The Supreme Court has cautioned, however, that "stay and abeyance should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 277-78. The Supreme Court noted that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278.

---

[1] In light of the Supreme Court's holding in Rhines, as recognized by the Ninth Circuit in Jackson, the mixed petition filed in this case is subject to stay and abeyance and need not be dismissed or replaced by an amended petition alleging only exhausted claims. Accordingly, the proposed amended petition filed by petitioner shall be placed in the file and disregarded at this time.

1    Here, it does not appear that the pro se petitioner seeks to stay these proceedings
2 for an improper purpose.  Nor does it appear that petitioner has engaged in abusive litigation
3 tactics or intentional delay.  For example, petitioner filed his first state habeas petition on March
4 8, 2006.  Less than one month after the Superior Court denied that petition, petitioner filed his
5 second state habeas petition on July 21, 2006 with the California Court of Appeal.  A little more
6 than one month after the state appellate court denied that petition, petitioner filed his third
7 petition with the California Supreme Court.  Three months after the California Supreme Court
8 denied that petition, petitioner promptly filed the instant petition in federal court.  Thus,
9 petitioner has been diligently pursuing his federal claims.

10   Moreover, the undersigned does not find petitioner's claims one through eight to
11 be plainly meritless.  If petitioner obtains relief in state court, his federal petition may be
12 rendered moot, thereby serving the interests of judicial economy as well as the interests of
13 justice.  Accordingly, petitioner's motion for stay and abeyance should be granted.

**CONCLUSION**

15   In accordance with the above, IT IS HEREBY RECOMMENDED that:
16   1. Petitioner's August 28, 2007 motion to hold proceedings in abeyance be
17 granted;
18   2. Respondent's July 23, 2007 motion to dismiss be denied without prejudice in
19 light of the granting of the requested stay and abeyance;
20   3. Petitioner be ordered to present all unexhausted claims to the California
21 Supreme Court in a further state habeas corpus petition to be filed within thirty days from the
22 date of this order;
23   4. This action be stayed and the Clerk of the Court be directed to administratively
24 close the case;
25   5. Petitioner be ordered to file and serve a status report in this case on the first
26 court day of each month; and

1      6. Petitioner be ordered to file and serve a motion to lift the stay of this action within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 14, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
redd1148.157